Nov. Term, 1846.

THE STATE v. LAYMAN.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiff.

*A. A. Hammond, J. Smith*, and *S. Major*, for the defendant.

---

THE STATE v. LAYMAN.

Indictment for obtaining a transfer of certain real property by payment therefor in notes of a certain bank; the defendant falsely pretending that the bank and its paper were good, when in truth, as he well knew, the bank was insolvent and its paper worthless. *Held*, that the notes were sufficiently described: but that the indictment was bad; the obtaining of a transfer of real property by false pretences not being indictable.

Wednesday, January 27, 1847.

ERROR to the *White* Circuit Court.

PERKINS, J.—Indictment for obtaining a transfer of real property by false pretences. The indictment contains two counts, both charging that the defendant, with intent to cheat, &c., obtained from one *Robinson Grenell* the transfer of a certain valuable thing, to wit, a certain quarter section of land described in the counts in the indictment, for a consideration all paid in the notes of the "*North River Banking*

Company," by this false and fraudulent pretence made by the defendant to said Grenell, to wit, that the "North River Banking Company," so called, was then a good, safe, and solvent banking institution in the state of New-York, and that the paper of said bank was good, current, &c., whereby said Grenell was induced to and did make the transfer of said land and receive the consideration therefor, all in .the paper of said bank; when, in truth and in fact, said bank was at the time and still continues an exploded and insolvent institution, the paper of which was then and is worthless, as was well known to Layman.

The Circuit Court, on the defendant's motion, quashed the indictment.

Two grounds are taken by the defendant's counsel to sustain the decision of the Circuit Court.

1. It is said the indictment is bad for not containing an accurate and certain description, as in indictments for forgery, of each of the several bills on said bank, passed by the defendant to Grenell in payment for the land obtained. This objection is not well taken. The indictment charges that all the bills on said bank were worthless, as was known to Layman, defendant, and that the bills passed by him to Grenell for the land in question, were on that institution, and the false pretence was that all the bills of that bank were good. It is not a question of identity and genuineness of particular bills, but of the value of the bills of a particular bank.

The second objection to the indictment is, that it does not charge the offence created by that part of the section of the statute relative to false pretences, on which it is predicated. The whole of the section is on page 965, R. S. 1843, and is, as to the creation of offences, as follows: "Sect. 24. If any person, with intent to defraud or cheat another, shall designedly, by colour of any false token or writing, or by any false pretence or pretences, obtain the signature of any person to any written instrument, or obtain from any person any money, bank note or notes, treasury note or notes, goods, wares, merchandise, bond, bill of exchange, promissory note, contract, security, or order for the payment of money, or delivery or transfer of property or any thing of value, such person," &c. This indictment is upon the latter clause of the

Nov. Term,
1846.

part of the section quoted, and charges the defendant with obtaining the transfer of certain real estate ; and to sustain the indictment, the prosecuting attorney adopts the following reading of the statute, viz., "If any person, &c., shall obtain, &c., any money, &c., or order for the payment of money, or *shall obtain the* delivery or transfer of property," &c.. We think the correct reading is, "If any person, &c., shall obtain, &c., any money, &c., or order for the payment of money, or *order for the* delivery or transfer of property," &c.; and that the indictment in this case should have been predicated on the first clause of the section, and charged the defendant with obtaining, by false pretences, the signature of *Grenell* to the written instrument, by which the land was supposed to be conveyed.

*A. A. Hammond* and *S. Major*, for the state.

*H. P. Biddle*, for the defendant.